

# THE ATTORNEY GENERAL
## OF TEXAS

February 19, 1988

JIM MATTOX
ATTORNEY GENERAL

Mr. Marlin W. Johnston
Commissioner
Texas Department of
Human Resources
P. O. Box 2960
Austin, Texas    78769

Opinion No. JM- 860

Re: Whether Rider 47 of the current appropriation for the Texas Department of Human Services conflicts with section 22.014 of the Human Resources Code (RQ-1242)

Dear Mr. Johnston:

You ask whether Rider 47 to the current appropriation for the Department of Human Services conflicts with section 22.014 of the Human Resources Code.

Section 22.014 of the Human Resources Code provides:

> (a) The department [of Human Services], the Texas Department of Health, and the Texas Department of Mental Health and Mental Retardation shall adopt a memorandum of understanding that:
>
> (1) clearly defines the responsibilities of each agency in providing, regulating, and funding hospital or long-term care services; and
>
> (2) defines the procedures and standards that each agency will use to provide, regulate, and fund hospital or long-term care services.
>
> (b) The memorandum must provide that no new rules or regulations that would increase the costs of providing the required services or would increase the number of personnel in hospital or long-term care facilities may be promulgated by either the department, the Department of Health, or the Department of

p. 4171

Mental Health and Mental Retardation unless the commissioner of health certifies that the new rules or regulations are urgent as well as necessary to protect the health or safety of recipients of hospital or long-term care services.

(c) The memorandum must provide that any rules or regulations proposed by the department, the Department of Health, or the Department of Mental Health and Mental Retardation which would increase the costs of providing the required services or which would increase the number of personnel in hospital or long-term care facilities must be accompanied by a fiscal note prepared by the agency proposing said rules and submitted to the department. The fiscal note should set forth the expected impact which the proposed rule or regulation will have on the cost of providing the required service and the anticipated impact of the proposed rule or regulation on the number of personnel in hospital or long-term care facilities. The memorandum must provide that in order for a rule to be finally adopted the department must provide written verification that funds are available to adequately reimburse hospital or long-term care service providers for any increased costs resulting from the rule or regulation. The department is not required to provide written verification if the commissioner of health certifies that a new rule or regulation is urgent as well as necessary to protect the health or safety of recipients of hospital or long-term care services.

(d) The memorandum must provide that upon final adoption of any rule increasing the cost of providing the required services, the department must establish reimbursement rates sufficient to cover the increased costs related to the rule. The department is not required to establish reimbursement rates sufficient to cover the increased cost related to a rule or regulation if the commissioner of health certifies that the rule or regulation is urgent as well as necessary to protect the health or safety of

recipients of hospital or long-term care services.

(e) The memorandum must provide that Subsections (b) through (d) of this section do not apply if the rules are required by state or federal law or federal regulations.

(f) These agencies in the formulation of this memorandum of understanding shall consult with and solicit input from advocacy and consumer groups.

(g) Not later than the last month of each state fiscal year, the department and the other agencies shall review and update the memorandum.

(h) Each agency by rule shall adopt the memorandum of understanding and all revisions to the memorandum. (Emphasis added.)

Your question is in regard to the requirement in section 22.014 that the Department of Human Services verify that funds are available to pay costs that would be incurred because of new rules or regulations affecting hospitals and long-term care facilities. Hum. Res. Code §22.014(c). Such verification is not required when the new rule or regulation is required by federal law or when the commissioner of health certifies that the new rule or regulation is urgent as well as necessary to protect the health or safety of recipients of hospital or long-term care services. Hum. Res. Code §22.014(c) and (e).

Rider 47 to the appropriation for the Department of Human Services provides:

None of the funds appropriated in this Act may be used as a source of funding for a written verification that funds are available to adequately reimburse hospital or long-term service providers for implementation of rules or regulations promulgated by either the Department of Health or Department of Human Services which increase the cost of providing such services, unless the rule or regulation is required by federal statute, rule or regulation.

General Appropriations Act for 1988-89 biennium, Acts 1987, 70th Leg., 2d C.S., ch. 78, art. II, §1, at 844 (II-43). Rider 47 prohibits the use of appropriated funds as the basis for verifying, as required by section 22.014(c) of the Human Resources Code, that funds are available to pay the costs of a proposed rule or regulation. You ask the following question:

> Is DHS precluded by Rider (47) from making a written verification that appropriated funds are available to reimburse providers for increased costs resulting from new Health Department rules if they are not federally required even when it is the Department's determination that such funds are actually available?

A rider to an appropriations bill is invalid if it conflicts with general law. See Jessen Associates, Inc. v. Bullock, 531 S.W.2d 593, 600 (Tex. 1975); Moore v. Sheppard, 192 S.W.2d 559 (Tex. 1946). To be valid, a rider may do no more than detail, limit, or otherwise restrict the use of appropriated funds. Moore v. Sheppard, supra; Attorney General Opinion V-1254 (1951). A rider may, however, prohibit a state agency from using appropriated funds for activities that the agency is otherwise authorized to conduct. See, e.g., Attorney General Opinion M-499 (1969).

The rider set out above merely limits the use of appropriated funds by prohibiting the use of such funds for paying costs attributable to new rules and regulations that increase the cost of hospital and long-term care services. The fact that general law outlines a procedure for the promulgation of rules that would increase the cost of hospital and long-term care does not mean that the legislature must appropriate funds to pay the costs of any or all such rules. Because the rider in question merely limits the use of appropriated funds, we conclude that it is a valid rider.[1] Therefore, the department may not

---

1. We note that no verification of available funds is necessary when federal law requires the new rule or regulation or when the commissioner of health certifies that the new rule or regulation is urgent as well as necessary to protect the health or safety of recipients of
(Footnote Continued)

verify that appropriated funds are available to reimburse providers for increased costs related to new rules governing hospital and long-term care services.

### S U M M A R Y

Rider number 47 to the appropriation for the Department of Human Services does not conflict with section 22.014(c) of the Human Resources Code. Therefore, the department may not verify that appropriated funds are available to reimburse providers for increased costs related to new rules governing hospital and long-term services.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General

---

(Footnote Continued)
hospital or long-term care services. Hum. Res. Code §22.014(c) and (e). Rider 47 is therefore inapplicable to rules or regulations required by federal law and to cases in which the commissioner of health has certified that the new rule or regulation is urgent as well as necessary to protect the health or safety of recipients of hospital or long-term care services.